IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02491-BNB

ROBIN E. DILGER,
    Plaintiff,

v.

OFFICE OF THE ATTORNEY GENERAL,
COLORADO DEPARTMENT OF CORRECTIONS,
STATE OF COLORADO GOVERNOR JOHN HICKENLOOPER,
WARDEN DAVID ZUPAN, La Vista Correctional Facility, and
CASE MANAGER GLEN SCHAFFER, La Vista Correctional Facility,
    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Robin E. Dilger, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Denver Women's Correctional Facility in Denver, Colorado. Ms. Dilger filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that her rights under the United States Constitution were violated while she was incarcerated at the La Vista Correctional Facility in Pueblo, Colorado. She seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Ms. Dilger is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Dilger will be ordered to file an amended complaint if she wishes to pursue claims against all of the named Defendants in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Dilger asserts two numbered claims for relief in the Prisoner Complaint in which she alleges that Defendant Glen Schaffer, her case manager at the La Vista Correctional Facility, violated her constitutional rights by assigning her to prison jobs that caused her to aggravate a back injury.  Ms. Dilger specifically alleges that Defendant Schaffer was aware of her serious back injury and was deliberately indifferent to her health and welfare.  Ms. Dilger does not assert any claims against the

other Defendants, and she fails to allege facts that demonstrate any Defendant other than Defendant Schaffer personally participated in the asserted constitutional violations. In fact, other than listing four other Defendants in the caption of the Prisoner Complaint and in the section of the Prisoner Complaint describing the parties to the action, Ms. Dilger makes no mention of any Defendant other than Defendant Schaffer anywhere in the Prisoner Complaint.

If Ms. Dilger wishes to pursue a claim or claims against any Defendant other than Defendant Schaffer, she must file an amended complaint that identifies what those claims are and what those Defendants did that allegedly violated her constitutional rights.  Ms. Dilger is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  Therefore, Ms. Dilger should name as Defendants only those persons she contends actually violated her federal constitutional rights.  Ms. Dilger should not include in her amended complaint any claims against the DOC or the Office of the Attorney General because those Defendants are protected by Eleventh Amendment immunity.  *See Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007) (noting that the Eleventh Amendment protects states and state entities regardless of whether a plaintiff seeks declaratory or injunctive relief or monetary damages).

If Ms. Dilger files an amended complaint asserting a claim or claims against a Defendant other than Defendant Schaffer, she "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v.*

*Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Dilger must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Because Ms. Dilger has named supervisory officials as defendants, the court notes that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or

possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

To summarize, Ms. Dilger must file an amended complaint that complies with this order if she wishes to pursue a claim or claims against any Defendant other than Defendant Schaffer.  Ms. Dilger is not required to file an amended complaint if she elects to pursue only her claims against Defendant Schaffer as set forth in the Prisoner Complaint filed in this action on September 19, 2012.  Accordingly, it is

ORDERED that Ms. Dilger file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order if she wishes to pursue a claim or claims against any Defendant other than Defendant Schaffer.  It is

FURTHER ORDERED that Ms. Dilger shall obtain the court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Dilger fails to file an amended complaint that complies with this order within the time allowed, the Defendants other than Defendant Dilger will be dismissed as parties to this action without further notice.

DATED November 1, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge