IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–02491–WYD–KMT

ROBIN E. DILGER,

      Plaintiff,

v.

GLEN SCHAFFER, Case Manager, LaVista Correctional Facility,

      Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on Defendant's "Motion to Dismiss" (Doc. No. 18 [Mot.], filed January 31, 2013).  Plaintiff did not file a response.  The motion is ripe for recommendation and ruling.

## STATEMENT OF THE CASE

      Plaintiff filed this suit pursuant to 42 U.S.C. § 1983, alleging Defendant Schaffer violated her Eighth Amendment and Thirteenth Amendment rights.  (*See* Doc. No. 1 [Compl.].)  Specifically, Plaintiff asserts when she was in inmate at the La Vista Correctional Facility ("LVCF") in the Colorado Department of Corrections ("CDOC"), she was assigned by the defendant to work kitchen duty.  (*Id.* at 4.)  On December 4, 2011, Plaintiff alleges she injured her back, suffering nerve injury and injuries to her L3 and L4 discs.  (*Id.*)  Plaintiff states she was "evaluated out of the kitchen on December 29, 2011."  (*Id.*)  Plaintiff states she notified the

defendant, and despite his knowledge of her medical condition, he continued to assign her to jobs in "property" and "maintenance" that did further damage to her back. (*Id.* at 4–6.) Plaintiff alleges the defendant was deliberately indifferent to her health and welfare in violation of the Eighth Amendment. (*Id.* at 5–6.) Plaintiff also alleges the defendant violated the Thirteenth Amendment by placing her in a medically inappropriate job. (*Id.* at 5–6.) Plaintiff seeks money damages in the amount of $3,000,000. (*Id.* at 8.)

**LEGAL STANDARDS**

### 1. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991)

2

(the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### 2.    *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary

judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

**2.     *Failure to State a Claim Upon Which Relief Can Be Granted***

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of

4

truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1940.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

Defendant moves for dismissal on the bases that 1) in his official capacity, he is immune from liability; 2) Plaintiff fails to state either a Thirteenth Amendment or an Eighth Amendment violation; and 3) he is entitled to qualified immunity.  (Mot.)

### A.      Eleventh Amendment Immunity

Defendants asserts that the claims against him in his official capacity must be dismissed based on Eleventh Amendment immunity.[1] (Mot. at 3.)  The Eleventh Amendment to the United States Constitution states:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court.  *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  Suits against state officials in their official capacity should be treated as suits against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief.  *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007).  Moreover, a § 1983 action may only be brought against a person.  *See* 42 U.S.C. § 1983.  Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983.  *Will*, 491 U.S. at 70-71.

Plaintiff's claims for monetary relief against the defendant in his official capacity constitute claims against the Colorado Department of Corrections.  *See Will v. Michigan Dep't of*

---

[1]The Complaint does not state whether the plaintiff is suing the defendant in his individual capacy, official capacity, or both.

*State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office").  Therefore, Plaintiff's official-capacity claims for monetary relief against the defendant are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction.  *See id.*; *Bennett*, 17 F.3d at 1267.

**B.      Thirteenth Amendment**

Plaintiff alleges the defendant violated the Thirteenth Amendment by forcing her to work in medically inappropriate jobs.  (Compl. at 5–6.)  Plaintiff's claim fails as a matter of law.  The Thirteenth Amendment's restriction on involuntary servitude does not apply to prisoners.  *Ruark v. Solano*, 928 F.2d 947, 949–50 (10th Cir. 1991) (citing *Omasta v. Wainright*, 696 F.2d 1304, 1305 (11th Cir.1983)), *overruled on other grounds.  See Tracy v. Keating*, 42 F. App'x 113, 116 (10th Cir. 2002) ("[B]y its express language, the Thirteenth Amendment's prohibition of slavery does not apply to the imprisonment of a person lawfully convicted of a crime.")  "There is a constitutional prohibition dealing with the disregard of medical limitations, though it is not the Thirteenth Amendment provision against involuntary servitude invoked in the Complaint. Rather, it is the Eighth Amendment's prohibition on cruel and unusual punishment," *Lymon v. Aramark Corp.*, No. 11-2210, 2012 WL 4829190, at *6 (10th Cir. Oct. 11, 2012), which the court addresses next.

**C.      Eighth Amendment**

Plaintiff alleges that Defendant Schaffer acted with deliberate indifference to her medical needs in violation of the Eighth Amendment.  Specifically, Plaintiff alleges Defendant knew

about her back injury but placed her in jobs that did further damage to her back.  (Compl. at 5–6.)   The Eighth Amendment is violated when a prison official acts with "deliberate indifference" to a substantial risk of serious harm to an inmate.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  The Eighth Amendment also proscribes deliberate indifference by prison officials to an inmate's serious medical need.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference means that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.  In the medical context, deliberate indifference means that prison medical staff knew of the inmate's serious medical need, but intentionally disregarded an excessive risk of harm to the inmate, or that prison guards or medical staff intentionally prevented the inmate from receiving prescribed treatment or intentionally delayed or denied him access to medical care. *Estelle*, 429 U.S. at 104-105; *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000); *Oxendine v. Kaplan*, 241 F.3d 1272, 1279 (10th Cir. 2001).  The medical condition complained of must be sufficiently serious, such that "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999)(quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)).

        "An inmate's allegations that prison officials knowingly forced him to perform medically inappropriate work implicates the Eighth Amendment."  *Grady v. Edmonds*, No. 06-cv-01612, 2007 WL 2986167, at *6 (D. Colo. Jun. 11, 2007) (citing *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989)(recognizing that prison official's decision to place inmate on work detail

knowing that work will significantly aggravate inmate's serious physical ailment would

constitute deliberate indifference to serious medical needs); *Williams v. Director, Arkansas*

*Dep't of Corrs.*, 148 F.3d 983, 987 (8th Cir. 1998)(prison officials violate the Eighth

Amendment when they knowingly compel an inmate "to perform labor that is beyond an

inmate's strength, dangerous to his life or health, or unduly painful")).

  Pursuant to Administrative Regulation 850-03, Case Managers, such as Defendant

Schaffer, merely recommend offenders like Plaintiff Dilger for prison job assignments.  *See* AR

850-03(IV)(B).[2]  A separate classification committee actually makes assignments.  *Id.*

Moreover, if Plaintiff felt she was not medically competent to participate in a particular

assignment, it was her burden to seek any desired restrictions through clinical services.  *See* AR

850-03(IV)(B)(5).  In addition, Plaintiff could work with her job supervisor to implement any

necessary job accommodations.  *Id.* at (IV)(C).  "A defendant cannot be liable under § 1983

unless personally involved in the deprivation."  *Olsen v. Stotts*, 9 F.3d 1475, 1477 (10th Cir.

1993).  Accordingly, to the extent Plaintiff alleges she was improperly assigned to a specific job,

Defendant Schaffer did not personally participate in assigning Plaintiff to a specific position.

  Nevertheless, Plaintiff has failed to state a claim for deliberate indifference.  Though

Plaintiff states she was seen by "medical on December 22, 2011" and "evaluated out of the

---

  [2]A court may take judicial notice of agency rules and regulations.  *Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984).  Facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004).

kitchen on December 29, 2011" (Compl. at 4), she was she does not allege that she was placed

on any medical restrictions for the subsequent jobs in property or maintenance, or that Defendant

Schaffer knew of any medical restrictions or that Plaintiff had been "evaluated out of" the

subsequent jobs.  Plaintiff also alleges she had "no choice but to do the job that was expected of

[her] of [sic] face a write up for refusal to work and be placed on Restricted Privilege Status for

90 days."  (*Id.* at 5.)  However, Plaintiff has failed to allege that Defendant Schaffer personally

threatened to write her up.

The allegations in Plaintiff's Complaint do not show that Defendant Schaffer consciously

disregarded a substantial risk of serious harm to Plaintiff's health and safety.  Thus, Plaintiff's

Eighth Amendment claim is properly dismissed.

**D.**     ***Qualified Immunity***

The also Defendant argues that he is entitled to qualified immunity.  (Mot. at 9–10.)  The

doctrine of qualified immunity shields government officials from individual liability for civil

damages "insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800,

818 (1982).  Qualified immunity is "an immunity from suit rather than a mere defense to

liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to

go to trial."  *Saucier v. Katz*, 533 U.S. 194, 121 (2001).

Although qualified immunity is most often raised at the summary judgment stage, the

Tenth Circuit has recognized the propriety of raising a qualified immunity defense in a motion to

dismiss.  *See Pueblo Neighborhood Health Ctr., Inc. v. Losavio*, 847 F.2d 642, 645–46 (10th

Cir.1988).  Once the defense is asserted, the burden shifts to the plaintiff to establish (1) that the defendants' actions violated a federal constitutional or statutory right and (2) that the federal right was clearly established at the time of the challenged conduct.  *PJ ex rel. Jensen v. Wagner,* 603 F.3d 1182, 1196 (10th Cir.2010); *see also Losavio*, 847 F.2d at 646.  The latter determination, that is whether the right was clearly established, must be made "in light of the specific context of the case, not as a broad general proposition."  *Saucier,* 533 U.S. at 201. "[T]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Id.* at 202.  Although the qualified immunity analysis involves a two-part inquiry, if the plaintiff fails either prong, reviewed in any order, qualified immunity is appropriate and no further inquiry need be undertaken.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Plaintiff has not met her burden here.  As described above, Plaintiff has not stated claims for Thirteenth or Eighth Amendment violations.  Accordingly, the court need not address whether such rights were clearly established, *see Thomson v. Salt Lake Cnty*, 584 F.3d 1304, 1312, n.2 (10th Cir. 2009), and the defendants is entitled to qualified immunity.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant's "Motion to Dismiss" (Doc. No. 18) be **GRANTED** and that the case be dismissed in its entirety.  The court further

**RECOMMENDS** that the District Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this recommendation would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  Thereafter, if Plaintiff files a notice of appeal he also must pay the full $455.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed.

R. App. P. 24.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

12

timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

13